**LANDRY v. CHECKER CAB CO., INC.**

(February 11, 1930. Opinion and Decree.)

P. L. Fourchy, of New Orleans, attorney for relator.

Elias Bowsky, of New Orleans, attorney for respondent judge.

WESTERFIELD, J. This is a proceeding by mandamus seeking to compel Honorable Wm. H. Byrnes, Jr., judge of the civil district court for the parish of Orleans, to grant to relator a suspensive appeal from a judgment rendered by him December 3rd, 1929, and signed December 9th, 1929.

The respondent judge justifies his refusal to sign an order of suspensive appeal on the ground that the relator has no appealable interest in the judgment, from which he seeks to appeal.

The plaintiffs, Mr. and Mrs. A. H. Landry, obtained a judgment against the Checker Cab Company in the civil district court for the parish of Orleans, in the sum of $1,890, which judgment, on appeal to this court, was affirmed. In execution of the judgment so obtained a writ of fi. fa. was issued and certain property belonging to the Checker Cab Company was seized, and sold, and the sum of $1,520 realized as the proceeds thereof was placed in the registry of the civil district court.

The president of the Checker Cab Company, Mr. Jos. M. Bistes, claiming to have a superior right to the proceeds which had been thus deposited in the civil district court, took a rule for the purpose of having his alleged prior right recognized. Bistes

was unsuccessful, the rule which he took being dismissed. From this judgment he prosecuted a suspensive appeal.

Thereafter plaintiffs took a rule against the Checker Cab Company to show cause why the sum of $178.75 expended by them in costs, in connection with the execution of the writ of fi. fa., should not be duly taxed as costs. To this rule several parties were made defendants, including Jos. M. Bistes. The rule was made absolute, and Bistes alone sought to obtain an order for a suspensive appeal. It is this order which the respondent judge declined to grant.

It seems to us that our brother below was in error, as Bistes would appear to be interested in the disbursement of the deposit in the hands of the court. He was before the court claiming the entire fund, and, though he had not succeeded in impressing the court with the validity of his claim, he had not acquiesced in its judgment, but, on the contrary, had persisted in his contention by taking a suspensive appeal.

Assuming, arguendo, that the costs expended by plaintiffs in the execution of their fi. fa., or some of them, were improperly allowed, Bistes would profit thereby should it be determined that his claim for the entire deposit was well founded. Moreover plaintiffs in rule evidently considered that Bistes had an interest since they made him a party to the rule.

It is therefore ordered that the alternative writ of mandamus heretofore issued be made peremptory, and, accordingly, that the respondent judge of the civil district court be directed to grant to relator the appeal herein prayed for on his complying with the requirements of law. The costs of this proceeding to be paid by the plaintiffs, Mr. and Mrs. A. H. Landry.